STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 57-5-15 Vtec

| ANR v. Town of Lowell and Pion |
| --- |

## ENTRY REGARDING MOTION

Count 1, ANR Enfc. Administrative Order (57-5-15 Vtec)

Title:          Motion for Costs (Motion 7)
Filer:          Bruce Pion
Attorney:       Jennifer B. Colin
Filed Date:     January 22, 2016

Response filed on 02/03/2016 by Attorney Randy Joe Miller for Petitioner Agency of Natural Resources
          Opposition
Response filed on 02/10/2016 by Attorney Ronald A. Shems for Respondent Town of Lowell
          Reply
Response filed on 02/24/2016 by Attorney Randy Joe Miller for Petitioner Agency of Natural Resources
          Reply

**The motion is DENIED.**

Count 1, ANR Enfc.Administrative Order (57-5-15 Vtec)

Title:          Motion for Costs (Motion 8)
Filer:          Town of Lowell
Attorney:       Ronald A. Shems
Filed Date:     January 25, 2016

Response filed on 02/03/2016 by Attorney Randy Joe Miller for Petitioner Agency of Natural Resources
          Opposition
Response filed on 02/10/2016 by Attorney Ronald A. Shems for Respondent Town of Lowell
          Reply
Response filed on 02/24/2016 by Attorney Randy Joe Miller for Petitioner Agency of Natural Resources
          Reply

**The motion is DENIED.**

Pending before the Court are motions for costs filed by the Town of Lowell (Town) and Bruce Pion, who are Respondents in this enforcement appeal. The underlying matter is an appeal of an administrative order (AO) issued by the State of Vermont Agency of Natural Resources (ANR) that cites Respondents for altering a watercourse without a permit and causing a discharge into waters of the state without a permit, in violation of state law. See 10 V.S.A. §§ 1021(a), 1022; 10 V.S.A. § 1259(a). In the AO, ANR alleges that the Town contracted with Mr. Pion to replace a failed thirty-inch-diameter culvert, which was intended to convey an unnamed tributary under a Town road, with a five-foot-diameter culvert. Mr. Pion installed the five-foot culvert some eighty feet down the road from the original culvert. Sometime thereafter, the five-foot culvert failed, causing 35 feet of road to collapse and a substantial amount of material to discharge into the tributary.

ANR served its AO on Respondents on May 15, 2015. On September 18, 2015, the Town filed a motion to dismiss, arguing that ANR's pre-trial memorandum did not satisfy the disclosure requirements of 4 V.S.A. § 1004(a). One week later, the Town served three of ANR's witnesses with notices of deposition duces tecum. ANR objected to the depositions and filed a motion for a protective order with the Court on October 2, 2015.

The Court held a hearing on the motions on October 19, 2015. At the hearing, the Court denied both motions, but it ordered ANR to file a more detailed pre-trial memorandum that specified ANR's case-in-chief witnesses, what each witness would testify to, and whether the witness would testify as an expert.

After this hearing, ANR and the Town reached an "informal agreement" that allowed for deposition of five of ANR's witnesses. Depositions for the five witnesses took place on December 7–10, 2015. Roughly one month later, on January 21, 2016, the parties stipulated to dismissal with prejudice.

Respondents now seek to recover the cost of the five depositions under V.R.C.P. 54(d). Specifically, Respondent Bruce Pion seeks to recover $504.10 for the cost of deposition transcripts, and the Town seeks to recover $1,605.10 in deposition costs and $5,204.49 in fees its consulting expert charged for reviewing the depositions and preparing rebuttal testimony.

Under V.R.C.P. 54(d), "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by the statute and by these rules, unless the court otherwise specifically directs. Costs shall be taxed against the State of Vermont only to the extent permitted by law." With regard to depositions, Rule 54(g) specifically provides, "The taxing of costs in the taking of depositions shall be subject to the discretion of the court. No costs shall be allowed unless the court finds the taking of the deposition was reasonably necessary . . . ."

ANR argues that, as a matter of law, the Court cannot award costs in this appeal because: (1) ANR is protected from cost awards under the doctrine of sovereign immunity; (2) Respondents are not "the prevailing party," given that the parties stipulated to dismissal; and (3) the depositions were not reasonably necessary in this case.

In the alternative, ANR argues that the Court should exercise its discretion under Rule 54(g) and deny Respondents' request because ANR had a prima facie case for the alleged violations, but it decided to dismiss the case when the Town explained several mitigating factors surrounding its decision to replace the failed culvert. ANR argues that it would be poor policy to punish ANR with a costs award for exercising its enforcement discretion in Respondents' favor.

We agree with ANR's discretionary arguments, and therefore need not reach ANR's claims that, as a matter of law, we are prevented from awarding costs to Respondents. Discovery is expensive and time-consuming for parties involved in litigation. ANR incurred the expense of conducting the depositions Respondents' requested, and the Court does not perceive any reason for shifting Respondents' discovery costs to ANR as well. According to ANR's account of the parties' stipulated dismissal, ANR decided to dismiss the case once Respondents approached ANR and discussed mitigating circumstances surrounding the culvert replacement.

According to Respondents' version of events, ANR only agreed to dismiss the enforcement action following depositions. If this is so, then discovery has done its job—the Parties avoided the cost of a multi-day trial and potentially significant penalty at comparatively little expense.

In short, Respondents sought depositions, by their own account, those depositions saved the parties considerable time and money by avoiding trial. The Court sees no reason to shift Respondents' costs to ANR.

For the foregoing reasons, the Town of Lowell and Bruce Pion's motion for costs is **DENIED.**


So ordered.

Electronically signed on July 5, 2016 at 1:15 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Randy Joe Miller (ERN 7037), Attorney for Petitioner Agency of Natural Resources
Ronald A. Shems (ERN 5032), Attorney for Respondent Town of Lowell
Jennifer B. Colin (ERN 4393), Attorney for Respondent Bruce Pion
Richard H. Saudek (ERN 4552), Attorney for party 2 Co-counsel